**E-Filed 9/28/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JUDY KO, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>NATURA PET PRODUCTS, INC.; NATURA PET FOOD, INC.; NATURA MANUFACTURING, Incorporated; PETER ATKINS; and DOES 1 through 100 inclusive,<br><br>Defendant. | Case Number C 09-02619 JF<br><br>ORDER[1] DENYING MOTION TO REMAND<br><br>[Re: Docket No. 24] |

Plaintiff Judy Ko ("Plaintiff") moves to remand the instant action to the Santa Clara Superior Court pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction. Defendants Natura Pet Products, Inc., Natura Pet Food, Inc., Natura Manufacturing, Inc., Peter Atkins, and Does 1 through 100 (collectively "Defendants") oppose the motion. The Court has considered the moving and responding papers. Because counsel for Plaintiff did not appear at the motion hearing on September 25, 2009, the Court took the matter under submission without oral

---

[1] This disposition is not designated for publication in the official reports.

argument. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

Plaintiff alleges that Defendants' internet website and labeling contain misleading and false statements asserting the "human grade" quality of their pet food, thus violating California Business & Profession Code § 17200 et seq. Plaintiff alleges that Defendants made these statements despite having knowledge that such statements have no factual basis. Complaint ¶¶ 1, 21-24. Specifically, Plaintiff claims that "[t]he misleading nature of such terminology as it relates to pet food products is apparent on its face and was clearly intended to give the consumer the false impression that Natura brand dog and cat food products were indeed 'fit for human consumption.'" Complaint ¶ 23.

On April 24, 2009, Defendants removed the action to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. § 1332(d). On June 3, 2009, the parties stipulated to transfer venue to this Court, San Jose Division. On July 22, 2009, Plaintiff filed an amended notice of motion to remand for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Defendant removed this action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which there exists "minimal jurisdiction," requiring only that one of the individuals in the proposed class be a citizen of a different state than one of the defendants, and that the combined amount in controversy for the entire class, exclusive of interest and costs, exceed $5,000,000. 28 U.S.C. § 1332(d)(2); *see Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1201 (2008). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.

CAFA does not shift the burden of proof normally applied to removal of a state action to federal court. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 678 (9th Cir. 2006). Under CAFA, the removing defendant, not the class action plaintiff, continues to bear the burden of proof. *Id.* A court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

1  Rather, a defendant must set forth the underlying facts supporting its assertion that removal is
2  proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

### III. DISCUSSION

Plaintiff argues that the instant case should be remanded because Defendants have not met their burden of proving by a preponderance of competent evidence that the proposed class consists of at least 100 persons and that the amount in controversy exceeds $5,000,000.

The numerosity requirement appears to be satisfied. The complaint alleges that the class is "composed of at least thousands of persons." Complaint ¶ 13. Allegations made in a complaint are accepted as true for purposes of removal. *Korn*, 536 F.Supp.2d 1199, 1205. The fact that the complaint did not allege an exact number of class members is insignificant. The Declaration of Andrew B. Kemp provides additional evidence that the proposed class consists of more than 100 persons. Kemp Decl. ¶ 15.

The amount in controversy requirement also is established. Among other things, Plaintiff seeks restitution "in the form of a refund of all purchases of Natura brand dog and cat food products, on behalf of himself [*sic*] and all members of the proposed class." Complaint ¶ 3. The complaint alleges that "Defendants have been unjustly enriched by the retention of millions of dollars in revenue earned from the sale of Natura brand dog and cat food products." Complaint ¶ 30. As noted in the Notice of Removal, the "proposed Class seeks restitution for all personal, family, and household sales of Natura dog and cat food products nationwide during the four (4) years prior to the filing of the state court action, and Natura's nationwide sales figures during that period are greater than $10,000,000." Notice of Removal ¶ 3(b).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn*, 536 F.Supp.2d 1199, 1205. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* at 1205; *see Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States,* 347 F.3d 394, 399 (2d Cir. 2003).

Where the complaint does not specify the amount of damages sought, the removing

defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Abrego*, 443 F.3d 676, 683; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("Under this burden, the defendant must provide evidence that is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). However, that burden is not "daunting," and the removing defendant is not required to "research, state, and prove the plaintiff's claim for damages." *Korn*, 536 F.Supp.2d at 1204-05. Further, in analyzing the amount in controversy issue, a court may consider supplemental evidence that was not submitted at the time of the removal notice but was submitted in connection with the opposition to a remand motion. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002).

      The Declaration of Andrew Kemp confirms that the revenue received by Natura Pet Products, Inc. and its predecessor from the nationwide sale of dog and cat food during the alleged Class Period is more than $10,000,000. Kemp Decl. ¶ 2. Because the monetary relief Plaintiff seeks is restitution of all amounts paid by Plaintiff and members of a proposed nationwide class during the proposed Class Period, that figure represents the amount in controversy.

# IV. ORDER

Good cause therefor appearing, the motion for remand is DENIED.

DATED: September 28, 2009

_____
JEREMY FOGEL
United States District Judge

5

1  This Order was served on the following persons:

2  Allen Ruby                    ruby@allenrubylaw.com, bug@allenrubylaw.com

3

4  Jason Edward Baker            jbaker@keeganbaker.com

5  Michael P. Kalish             mpkalish.esq@gmail.com

6

7  Patrick Nathaniel Keegan      pkeegan@keeganbaker.com, sjohnson@keeganbaker.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 09-02619 JF
ORDER DENYING MOTION TO REMAND
(JFEX 1)